IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **CRIMINAL NO. PWG-19-556** |
| v. | * | |
| | * | |
| **KELVIN SAUNDERS,** | * | |
| | * | |
| Defendant | * | |

...ooOoo...

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its Attorneys, Robert K. Hur, United States Attorney for the District of Maryland, and Hollis Raphael Weisman, Assistant United States Attorney for said District, submits the following Memorandum to support its recommendation that the Defendant receive a total sentence of 12 months imprisonment, to be followed by three years of supervised release.

*BACKGROUND*

At about 2 p.m. on October 28, 2019, the defendant, Kelvin Saunders, was driving a work van for a company called Wheelz Up on the Baltimore-Washington Parkway in Maryland. Some time earlier, Saunders had been drinking alcohol. As a result of the alcohol consumption, the defendant fell asleep at the wheel and lost control of the van.

The van drifted to the right, off the highway onto the right shoulder, and crashed into a vehicle parked on the shoulder of the road. The single occupant of the parked vehicle died in the crash. The defendant was not injured.

After the crash, the defendant grabbed his cellphone and called his boss. Meanwhile, at least one other motorist on the highway called 911. When the police arrived moments later, the defendant was walking outside his van talking on the phone.

Emergency medical services arrived to assist. In the parked vehicle was 68-year-old Brenda Williams. Her body was trapped in her vehicle, and emergency medical service workers had to extricate her through the passenger-side door. She was pronounced dead on scene.

Seventy-five minutes after the fatal crash, the defendant's blood-alcohol content (BAC) measured at .06%. With the general rate of ethanol metabolization at 0.015 to 0.02% per hour, his BAC was higher at the time of the crash. The alcohol impaired his ability to drive safely.

## *SENTENCING GUIDELINES*

The statute itself is Homicide by Motor Vehicle While Impaired by Alcohol, a violation of Md. Code, Crim. Law § 2-504, as assimilated by18 U.S.C. § 13. It carries a maximum penalty of three years of imprisonment and one year of supervised release. The pre-sentence report calculates a sentencing guideline range of six to 12 months imprisonment, based on a total offense level of 10 and a Criminal History Category of I. The Government agrees with that calculation.

## *SENTENCING FACTORS*

Under 18 U.S.C. § 3553(a)(2), this Court must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. "While the consideration of one § 3553(a) factor to the exclusion of the others is not appropriate, it is not required that the district court somehow give all the different factors precisely equal weight. Sometimes one factor will outweigh the others. Sometimes one factor will stand out." *United States v. Fowler*, 948 F.3d 663, 672 (4th Cir. 2020) (Citations omitted.)

Here, the offenses are extraordinarily serious. Someone died – a mother, grandmother and beloved relative and friend. At least 24 people have written to the court describing how much Ms.

Williams meant to them and how traumatized they were by her sudden death. The government's Memorandum cannot begin to reach the level of poignancy and pain they have felt. When the defendant killed Ms. Williams, he also impacted her entire family. The defendant deserves to be punished with a sentence of imprisonment and a maximum term of supervised release.

The defendant, furthermore, already had a prior restriction on the consumption of any alcohol. That should have taught him his behavior was illegal. According to paragraph 37 of the pre-sentence report, he currently has a restriction on his license prohibiting him from driving with any amount of alcohol in his body. He also had a three-year alcohol restriction imposed in 2000, although his license was revoked for point accumulation during most of that period.

Deterrence is another significant factor for the Court to consider in sentencing. The government has no idea when the defendant consumed the alcohol. The defendant's blood-alcohol level was below the *per se* level when tested in the early afternoon. He was either drinking on the job, or drinking to an extraordinary degree the night before. But his history of two prior drunk driving convictions, albeit dated, should have taught him unquestionably that he has no business drinking and driving.

The sentence of 12 months' imprisonment that the government is recommending takes into account the fact that the defendant's driving conduct did not involve gross recklessness. He fell asleep. But the alcohol in his system contributed to his drowsiness, to tragic consequences.

A period of supervised release following imprisonment would accomplish the goal of providing the defendant with needed rehabilitation services. The period should be lengthy, as the periods between the defendant's episodes of drunk driving are lengthy.

*CONCLUSION*

For the reasons stated above, the Government submits that a sentence of imprisonment of 12 months of imprisonment and 3 years of supervised release is appropriate and no greater than necessary to achieve the goals established by Congress under 18 U.S.C. § 3553.

    Respectfully submitted,

    Robert K. Hur
    United States Attorney

By: _____
    Hollis Raphael Weisman
    Assistant United States Attorney
    Bar number 11465
    6500 Cherrywood Lane
    Greenbelt, Maryland  20770
    301-344-4029 (desk); 301-344-4516 (FAX)
    hollis.weisman@usdoj.gov